O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW FERNANDEZ, ) | CASE NO. ED CV 10-01061 RZ |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| vs. ) | AND ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Matthew Fernandez, who applied for Supplemental Security Income when he was a child but attained the age of majority before his claim was fully adjudicated, had been treated at Loma Linda Behavior Medical Center. On March 28, 2008, treating physician Dr. Mary Ann Schaepper, a child psychiatrist, filled out a form for the California Department of Social Services, checking off boxes on that form indicating that Plaintiff was not able to work, that he had limitations that affect his ability to work or participate in education or training, and that his condition required someone to be in the home to care for him. [AR 453] The Administrative Law Judge said the following about Dr. Schaepper:

> As for the opinion evidence, the undersigned rejects the assessment by Dr. Shaepper [sic] indicating that the claimant was emotionally disturbed and that mental illness led to the

claimant's drug abuse as this is not corroborated by the form from Dr. Shaepper [sic] submitted at the hearing. (Exhibits 23F and 24F).

[AR 13]

The Administrative Law Judge's view of Dr. Schaepper's opinions forms the basis for the first error Plaintiff asserts, that the Administrative Law Judge did not give good enough and sufficient reasons for rejecting the opinions. Under well-established law, the opinion of a treating physician is entitled to considerable deference; in general, it is given greater weight than the opinion of other physicians, *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001) and, in some circumstances, it is even entitled to controlling weight. The law concerning the assessment of treating physician opinion is summarized in *Holohan v. Massanari*, 246 F.3d 1195, 1201-03 (9th Cir. 2001):

> Title II's implementing regulations distinguish among the opinions of three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *see* 20 C.F.R. § 404.1527(d). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Lester*, 81 F.3d at 830; 20 C.F.R. § 404.1527(d). In addition, the regulations give more weight to opinions that are explained than to those that are not, see 20 C.F.R. § 404.1527(d)(3), and to the opinions of specialists concerning

matters relating to their specialty over that of nonspecialists, *see id.* § 404.1527(d)(5).

In disability benefits cases, physicians typically provide two types of opinions: medical opinions that speak to the nature and extent of a claimant's limitations, and opinions concerning the ultimate issue of disability, i.e., opinions about whether a claimant is capable of any work, given her or his limitations. Under the regulations, if a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. 20 C.F.R. § 404.1527(d)(2); *see also* Social Security Ruling (SSR) 96-2p. An ALJ may reject the uncontradicted medical opinion of a treating physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (internal quotation marks and citation omitted). If the treating physician's medical opinion is inconsistent with other substantial evidence in the record, "[t]reating source medical opinions are still entitled to deference and must be weighted using all the factors provided in 20 CFR [§ ] 404.1527." SSR 96-2p; *see id.* ("Adjudicators must remember that a finding that a treating source medical opinion is . . . inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected. . . . In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight."). An ALJ may rely on the

>medical opinion of a non-treating doctor instead of the contrary opinion of a treating doctor only if she or he provides "specific and legitimate" reasons supported by substantial evidence in the record. *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted). Similarly, an ALJ may reject a treating physician's uncontradicted opinion on the ultimate issue of disability only with "clear and convincing" reasons supported by substantial evidence in the record. *Reddick*, 157 F.3d at 725 (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (internal quotation marks omitted)). If the treating physician's opinion on the issue of disability is controverted, the ALJ must still provide "specific and legitimate" reasons in order to reject the treating physician's opinion. *Id*.

*Id.* (footnotes omitted).

In this Court, the Commissioner's reaction to the precedent surrounding the treating physician law is surprising. The Commissioner cites applicable statutes and regulations, and then says:

>*Notwithstanding* the standards and rules set forth by Congress and by the Commissioner, the Ninth Circuit directs that an ALJ must provide "clear and convincing" reasons to reject the opinion of a treating physician when that opinion is uncontradicted. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). To the extent the Ninth Circuit's judicially-created standard exceeds the requirements set forth by Congress and by the Commissioner at the behest of Congress, it would appear to be improper.

Defendant's Memorandum in Support of Defendant's Answer, 3:15-21 (emphasis added). Despite this criticism of the Ninth Circuit's case law, the law appears to be similar in most circuits. Most circuits give deference to the treating physician opinion, and require significant reasons for rejecting the opinion of a treating physician. *See* C. KUBITSCHEK AND J. DUBIN, SOCIAL SECURITY DISABILITY; LAW AND PROCEDURE IN FEDERAL COURT (2011) §§ 2:31 *et seq*.

Moreover, of course, this Court must follow the precedent of the Ninth Circuit, and has no authority to deviate from it. Thus, the Court declines the Commissioner's invitation to proceed in a manner contrary to what the Ninth Circuit provides.

Applying the governing precedent, the Court agrees with Plaintiff that the Administrative Law Judge's assessment is an insufficient basis to reject Dr. Schaepper's opinions. The Administrative Law Judge said that the form accompanying Dr. Schaepper's statement did not support her opinion that Plaintiff was emotionally disturbed. To begin with, the statement was all part of a single form. Moreover, the explanations Dr. Schaepper gave did, in fact, show Plaintiff to be emotionally disturbed. Dr. Schaepper stated that Plaintiff was "extremely impulsive, delusional [and] actively psychotic." [AR 454] She also stated that he was very hyperactive, hyperverbal, unaware of social inappropriateness, and intrusive with peers. [*Id.*] These statements clearly show a medical opinion that Plaintiff is emotionally disturbed.

As for the impact of Plaintiff's drug usage, Dr. Schaepper was not asked about that directly on the form. However, the medical record does contain her views on the impact of his drug usage. Thus, when Plaintiff was admitted to the behavioral center, his admission diagnoses on Axis I were:

> 1. Psychotic disorder, not otherwise specified, rule out substance-indued mood disorder, rule out bipolar disorder.

       2.       Amphetamine abuse.

       3.       Marijuana abuse.

[AR 317]  After admission and treatment, however, the Axis I discharge diagnosis was stated as:

       1.       Schizophrenia, disorganized versus paranoid type versus schizophreniform.

       2.       Amphetamine abuse.

       3.       Marijuana abuse.

[*Id.*]  Thus, after admission, Dr. Schaepper ruled out a substance-induced mood disorder, one of the tasks identified in the admitting diagnosis.  She also, in both the admitting and discharge diagnoses, identified Plaintiff's drug usage as subordinate to his mental disorder (originally identified as a psychotic disorder, not otherwise specified, then sharpened to schizophrenia), in keeping with the instruction in the DSM-IV to list the principal diagnosis first in Axis I.  AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (1994) at 25.  In light of this record, the Court finds that it is not a legitimate or clear and convincing reason to reject Dr. Schaepper's opinions by stating that the form she filled out did not offer a basis for saying that the drug usage arose in response to Plaintiff's mental disorders.

       And that is all the Administrative Law Judge said.  In this Court, the Commissioner now says something different, that the Administrative Law Judge was justified in his assessment because an administrative law judge can discredit treating physician opinions that are conclusory, brief and unsupported by the record as a whole or by objective medical findings.  (Defendant's Memorandum at 8:17-22).  The Administrative Law Judge himself did not rely on these principles, however, and therefore it is improper for the Commissioner to rely on the arguments now.  *Ceguerra v. Secretary*

*of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991). In any event, the Commissioner is wrong. Dr. Schaepper's opinions are none of these things; they are not conclusory, brief, or unsupported by the record or objective medical findings.

On the basis of the foregoing, the Court finds Plaintiff's first argument persuasive.

Plaintiff's second argument is that the Administrative Law Judge wrongly applied the Medical-Vocational Guidelines ("the grids"), 20 C.F.R. Part 404, Subpart P, Appendix II, and should have called a vocational expert instead. Since the grids measure a claimant's ability to exert himself while working, they cannot determine disability when the claimant's impairment is nonexertional. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 404.200(e)(1); 20 C.F.R.§ 416.969. The Commissioner must use a vocational expert, rather than rely on the grids alone, where there is a non-exertional impairment that is sufficiently severe that it limits the claimant's capacity in ways not contemplated by the grids. *Aukland v. Massanari*, 257 F.3d 1033, 1034 (9th Cir. 2001); *Desrossiers v. Secretary of Health and Human Services*, 846 F.2d 573, 577-78 (9th Cir. 1988). When the nonexertional impairment itself is limiting, the Administrative Law Judge may not rely on the grids. *Polny v. Bowen*, 864 F.2d 661, 663-64 (9th Cir. 1988) ("where, as here, a claimant's nonexertional limitations are in themselves enough to limit his range of work, the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities") (citations omitted).

Given the opinions of Plaintiff's treating physician, it is error to say that Plaintiff's non-exertional limitations have no impact on his ability to work. A person who is delusional and actively psychotic, who needs 1:1 staffing and has attentional issues, among others, clearly has limitations that are unrelated to physical abilities. A vocational expert needed to be consulted. It was error not to do so.

///

///

///

-7-

In accordance with the discussion here, the decision is reversed. The matter is remanded to the Commissioner who shall accept the opinions of the treating physician and otherwise proceed in a manner consistent with this opinion.

IT IS SO ORDERED.

DATED: March 22, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE